RAMÓN MONTANER, MANAGER OF THE STATE INSURANCE FUND, Petitioner, v. THE INDUSTRIAL COMMISSION OF PUERTO RICO, composed of MANUEL LEÓN PARRA, President, FRANCISCO PAZ GRANELA and JUAN M. HERRERO, Commissioners, Appellee; RAMÓN ORTIZ ALEJANDRO, Petitioner before the Commission.

No. 166. Argued April 24, 1939.—Decided July 14, 1939.

B. *Fernández García,* Attorney General, *Emilio de Aldrey,* Assistant Attorney General, *Víctor J. Vidal González* and *Guillermo Atiles Moréu,* Attorneys of the State Fund, for Petitioner; *M. León Parra* for appellee; *Virgilio Brunet* and *Miguel A. Casiano* for the workman.

Mr. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is a writ of review requested by the Manager of the State Insurance Fund to examine an order of the Industrial Commission of February 15, 1939, in the case of the workman Ramón Ortiz Alejandro.

The workman gave notice of a labor accident suffered on March 25, 1938. He was given medical treatment and discharged on August 15, 1938, as definitely cured and without incapacity.

The workman did not accept the ruling of the Manager and on August 31, 1938, he appealed to the Industrial Commission. The latter ordered its medical adviser to examine him and having received the report set the 16th of September, 1938, for the public hearing, which was duly held thereon with the assistance of the Manager and the workman by their counsel. Evidence was offered.

The workman was again confined in the hospital by order of the Commission and the latter, on September 30, deciding a motion of the aforesaid workman filed by his attorney, and the verbal request of a daughter of his, permitted the workman to be sent to his house, where he died the following day, October 1, 1938.

Things in that state and before the Commission had decided the appeal filed before it by the workman, the Manager moved for a dismissal of the case because this is a personal action which died with the workman, according to the rule set by this Court in *Heirs of Bachier* v. *Workmen's Relief Commission,* 33 P.R.R. 975.

Brunet and Casiano opposed said petition "as attorneys for the petitioners" but in their pleading do not state who are said petitioners. Some time passed and on February 15, 1939, the Commission rendered the aforesaid final order.

In it a statement of the case is made, also an analysis of the proof, and it decides:

"That the accident occurred to the workman Ramón Ortiz Alejandro on March 23, 1938, while working for the employer Central Vannina, Inc., left him totally incapacitated, in a permanent manner, for work."

It goes on considering the question of dismissal, analyzes the case of *Heirs of Bachier, supra,* and concludes that the rule expressed therein was corrected by this Court in *Quiñones* v. *South Porto Rico Sugar Co. of P.R.,* 48 P.R.R. 341, if it had not already been corrected by *P.R. Ry. Lt. & Power Co.* v. *District Court,* 38 P.R.R. 305 and *Pérez* v. *Succrs. of M. Pérez & Co.,* 41 P.R.R. 844. It ends deciding:

"That the heirs of Ramón Ortiz Alejandro have the right to recover from the State Insurance Fund the amount that the workman would have had the right to receive as compensation for the total incapacity which he sustained, which was a consequence of the labor accident upon which this proceeding is based."

The Manager of the State Fund charges four errors to the State Insurance Fund:

■ The first one involves a question of fact that may not be considered in this writ of review. We refer to the declaration of incapacity made by the Commission by virtue of the antecedents of the case and the appraisal of the evidence offered to it. The three others raise questions as to whether the action of the workman was extinguished with his death and whether the Commission could in any case order the payment of the workman's compensation to his "heirs" irrespectively of "the rights of those who may turn out to be beneficiaries."

■ The case of *Heirs of Bachier* v. *Workmen's Relief Commission*, 33 P.R.R. 975, was decided on February 26, 1929, when the Workmen's Compensation Act was in force as amended by Act No. 61 of 1921 (p. 472) and in it, following the case *In re Burns*, 218 Mass. 8, 105 N.E. 601, it was held:

"An action by a workman for injuries received is independent of an action by his heirs for his death under Section 3 of the Workman's Compensation Act, as amended by Act No. 61 of 1921, and the heirs cannot be substituted for their ancestor in an action brought by him and extinguished by his death."

Some years passed. The new Workmen's Compensation Law, Act No. 85 of 1928 (page 630) was in force, and this Court in April 10, 1935, in the case of *Quiñones* v. *South P.R. Sugar Co. of P.R.*, 48 P.R.R. 341, after a comprehensive study of the matter, stated:

"While the right to compensation not yet accrued is extinguished with the death of the injured laborer, nevertheless, that portion of the compensation already accrued at the death of the laborer con-

stitutes a vested right which may be enforced by the heirs or representatives of the estate and determined by the Industrial Commission.''

Some time passed and the law of Workmen's Compensation now in force is Act No. 45 of 1935, (Vol. I, page 250) which is applicable to this case, and that act contains the following express provision that makes it unnecessary to consider the issue whether the right to compensation granted or about to be granted to the workman is extinguished with his death, since it decides it in the affirmative when the workman or employee dies leaving dependants:

''In all cases where death occurs to a workman or employee for any reason independent of the injury received in an accident, for which injury any compensation was given or is pending adjudication, the Manager shall, after justifying evidence has been presented for the purpose, grant and cause payment of the unpaid balance of any compensation belonging or due to the injured workman or employee up to the time of his death, to be made to those who depended on the deceased workman or employee for their support, in whose rights they are expressly subrogated.'' Section 3, No. 4, par. 3 (p. 264).

If part 5 of said Section 3 of the Act of 1935 is read, it will be seen that if as a result of the injury or illness, suffered in the conditions specified in Section 2 of the Act, the death of the workman should occur within two years of the accident, and as a consequence thereof, when he does not leave dependents, a sum of not more than $100 will be paid for the funeral, in addition to those medical expenses that may have arisen by orders of the Manager, and when he does leave the aforesaid persons who depend upon him for subsistence, totally or partially, a compensation of one to three thousand dollars will be granted, graded as the law provides.

The law itself then, foresees the two cases, that in which the injured workman dies for a cause alien to the injury received in the accident and that in which he dies as a result of the injury, and sets rules for both.

Which of the two is this case? We really do not know. Nothing definite was decided by the Commission on this point. And it was absolutely necessary, because it is only when the workman does not die as a consequence of the injury received in the accident of labour, that part 4 of Section 3 from which has been copied, can be applied.

In their contending brief Brunet and Casiano who continue to call themselves "attorneys for the beneficiaries" without expressing who these may be—a fact that should be cleared up, since on examining the record we find a letter directly presented by a daughter of the workman and it is not known whether she is a dependent or not—on referring to the fourth assignment, say:

"We agree with the petitioner in the question raised by the fourth assignment. The right to compensation belongs, not to the heirs of the deceased workman, but to his beneficiaries. Be it understood that when the Industrial Commission said heirs it meant to say beneficiaries of the deceased workman. According to the statute, the aforecopied paragraph, it is the beneficiaries who have a right to compensation, since our law is one of dependence and not of inheritance."

The question is not so easy nor is there a basis to vary the order of the Industrial Commission substituting the word "heirs" with "beneficiaries" especially when we find ourselves confronted by the stated fact of the existence of a daughter, who may or may not have depended upon her father, and when it may be she who the Commission had in mind when it said "heirs" after having made the inquiries which led it to the conclusion that the right to the claim was not one that died with the person. This consideration carries us to the point that no matter how broad the present law, the fact is that it failed expressly to provide something, to wit, the case where the workman dies from a cause alien to the labor accident and some amounts are owing as compensation, and there are no dependents but there are heirs.

We believe, therefore, that the order of February 15, 1939, should be reversed as to its final ruling, that is, insofar as it states that "The heirs of Ramón Ortiz Alejandro have the right to recover from the State Insurance Fund the amount that the workman would have had the right to receive as compensation for the total incapacity with which he remained", and the case is remanded to the Commission so that the cause of the death of Ramón Ortiz Alejandro be found, and in case it is concluded that it was not the result of the accident, it be investigated whether or not the workman left dependents; and if so, it be ordered that the unpaid balance of any compensation pertaining to, or owing to said workman, be paid to them, and for further proceedings that may be necessary once the facts are cleared up.

Mr. Justice Travieso took no part in the decision of this case.